UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JESSICA HUTCHINS,

                                                            Plaintiff,

    -against-

EVAGELOS DIMITRAKAKIS; UC #312; AFZAL ALI; JOEL POLICHRON; "JOHN and JANE DOE 1-10", individually and in their official capacities (the names John Doe being fictitious, as the true names are presently unknown),

                                                            Defendants.
------------------------------------------------------------------------X

**_1st AMENDED COMPLAINT AND JURY DEMAND_**

Docket No.

15-CV-5900

ECF CASE

Plaintiff Jessica Hutchins, by her attorney Joseph Indusi, Esq., of London Indusi, LLP, for his complaint against Defendants alleges as follows:

### **PRELIMARY STATEMENT**

1. This is a civil rights action in which Plaintiff seeks relief through 42 U.S.C. §1983 and 42 U.S. §1988 for the violation of her civil rights protected by the Fourth and Fourteenth Amendments of the United States Constitution.

2. The claim arises from a March 28, 2015 incident in which Defendants, acting under color of state law, unlawfully detained and arrested Ms. Hutchins without probable cause. Ms. Hutchins initially spent approximately 18 hours unlawfully in police custody. At arraignment, Ms. Hutchins reluctantly accepted, an Adjournment in Contemplation of Dismissal, and admitted no wrongdoing.

3. Plaintiff seeks monetary damages (compensatory and punitive) against Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court

deems just and proper.

## JURISDICTION

4. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988.

5. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331 and 1343(a) (3) and (4).

## VENUE

6. Venue is laid within the Eastern District of New York in that a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District. 28 U.S.C. § 1391 (b).

## PARTIES

7. Plaintiff Jessica Hutchins ("Ms. Hutchins") resided at all times here relevant in Kings County, City and State of New York.

8. Evagelos Dimitrakakis, Shield No. 1793 ("Dimitrakakis") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Dimitrakakis was, at the time relevant herein, a Police Officer under Shield # 1793 of Narcotics Borough Brooklyn South. Defendant Dimitrakakis is sued in his individual capacity.

9. UC #312, ("UC 312") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant UC 312 was, at the time relevant herein, a Police Officer under Shield # 312 of the 75th Precinct. Defendant UC 312 is sued in his individual capacity.

10. Afzal Ali, Shield No. 3872 ("Ali") was, at all times here relevant, a police officer

2

employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Ali was, at the time relevant herein, a Police Officer under Shield # 3872 of Narcotics Borough Brooklyn North. Defendant Ali is sued in his individual capacity.

11. Joel Polichron, Shield No. 4640 ("Polichron") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Polichron was, at the time relevant herein, a Police Officer under Shield # 4640 of Narcotics Borough Brooklyn North. Defendant Polichron is sued in his individual capacity.

12. At all times relevant Defendants John Doe 1 through 10 were police officers, detectives, supervisors, policy makers and/or officials employed by the NYPD. At this time, Plaintiff does not know the real names and/or shield number of Defendants John Doe 1 through 10.

13. At all times relevant herein, Defendants John Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John Doe 1 through 10 are sued in their individual and official capacities.

14. At all times here mentioned Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL CHARGES

15. On March 28, 2015 at approximately 4:00 PM., Ms. was walking on Glenmore Avenue in Brooklyn, New York.

16. While on Glenmore Avenue, Ms. Hutchins was approached by Defendants.

17. Ms. Hutchins was not committing any crime or violating any local law or ordinance.

18. The Defendants, including Defendant UC 312, Dimitrakakis, Ali, and Polichron, unlawfully stopped and detained Ms. Hutchins for no reason.

19. The Defendants did not observe Ms. Hutchins commit any crime or violation.

20. The Defendants, including Defendant UC 312, Dimitrakakis, Ali, and Polichron searched Ms. Hutchins' person without authority or consent.

21. No contraband or anything of illegality was found on Ms. Hutchins's person.

22. The Defendants, including UC 312, Dimitrakakis, Ali, and Polichron, unlawfully handcuffed Ms. Hutchins and arrested her.

23. The Defendants did not have probable cause or reasonable suspicion to arrest Ms. Hutchins.

24. Ms. Hutchins did not resist arrest.

25. The Defendants transported Ms. Hutchins to the 75th Precinct.

26. While Ms. Hutchins was in central bookings, Defendants, including UC 312, Dimitrakakis, Ali, and Polichron, conveyed false information to prosecutors in order to have Ms. Hutchins prosecuted for Criminal Facilitation in the Fourth Degree.

27. Mr. Hutchins was unlawfully held in police custody for approximately 18 hours and arraigned on those charges.

28. At arraignments, Ms. Hutchins reluctantly accepted an Adjournment in Contemplation of Dismissal, and admitted no wrongdoing.

29. At all times relevant hereto, Defendants, including Defendant UC 312, Dimitrakakis, Ali, and Polichron were involved in the decision to arrest Ms. Hutchins without probable cause or failed to intervene in the actions of his fellow officers when he observed them arresting Ms.

Hutchins without probable cause.

30. During all of the events described, Defendants, including Defendant UC 312, Dimitrakakis, Ali, and Polichron acted maliciously, willfully, knowingly and with the specific intent to injure Ms. Hutchins and violate her civil rights.

31. As a direct and proximate result of the acts of Defendants, Ms. Hutchins suffered the following injuries and damages: violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, and loss of liberty.

**FIRST CAUSE OF ACTION**
Unlawful Stop and Search
42 U.S.C. § 1983 Against Individual Defendants

32. The above paragraphs are here incorporated by reference as though fully set forth.

33. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiffs without reasonable suspicion.

34. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages herein before alleged.

**SECOND CAUSE OF ACTION**
False Arrest and False Imprisonment Under
42 U.S.C. § 1983 Against Individual Defendants

35. The above paragraphs are here incorporated by reference as though fully set forth.

36. The Defendants violated the Fourth and Fourteenth Amendments to the U.S. Constitution by wrongfully and illegally arresting, detaining and imprisoning Plaintiff.

37. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent,

and without probable cause or reasonable suspicion.

38. At all relevant times, Defendants acted forcibly in apprehending, arresting, and imprisoning Plaintiff.

39. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**THIRD CAUSE OF ACTION**
Failure to Intervene Under
42 U.S.C. § 1983 Against Individual Defendants

40. The above paragraphs are here incorporated by reference as though fully set forth.

41. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

42. Accordingly, the Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

43. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**FOURTH CAUSE OF ACTION**
Denial of Right to Fair Trial Under
42 U.S.C. § 1983 Against Individual Defendants

44. The above paragraphs are here incorporated by reference as though fully set forth.

45. The individual Defendants created false evidence against Plaintiff, to wit, sworn documents and testimony alleging that Ms. Hutchins committed a criminal act.

46. The individual Defendants forwarded false evidence to prosecutors in the King's County District Attorney's office.

47. In creating false evidence against Plaintiff, and in forwarding false information to

prosecutors, the individual Defendants violated Plaintiff's right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

48. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

a) In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

b) Awarding Plaintiff punitive damages in an amount to be determined by a jury;

c) Awarding Plaintiff compensatory damages in an amount to be determined by a jury;

d) Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

e) Granting such other and further relief as this Court deems just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury.

Dated: April 25, 2016
    Brooklyn New York          Respectfully submitted,

            /s/ Joseph Indusi, Esq.
*Joseph Indusi, Esq.*
Bar Number: JI6499
Attorney for Ms. Hutchins
London Indusi LLP
186 Joralemon Street, Suite 1202
Brooklyn, NY 11201
(718) 301-4593 – Phone
(718) 247-9391 – Fax
Joe@LondonIndusi.com